## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

SAMUEL N. ANDERS                                                                                    PETITIONER
Reg. #21467-076

v.                                              2:09-cv-00180-JLH-JJV

T. C. OUTLAW,
Warden, FCI-Forrest City                                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and desire to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the

hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2241 of Samuel N. Anders, an inmate in the custody of the Forrest City Low Unit of the Federal Correctional Institution (FCI).

## I.   BACKGROUND

Petitioner was arrested by federal authorities on March 22, 2007, for wire fraud. (Doc. No. 10, Att. 1, p. 1). He was released on $5,000 bond on March 23, 2007. (*Id*.). On May 17, 2007, while on bond, Petitioner was arrested by Tennessee state authorities on unrelated charges which were subsequently dismissed. (Doc. No. 10, Att. 3, p. 15). However, he was held by Tennessee state authorities for an existing charge of theft of property in case number 06-01-0274. (*Id*.). He was sentenced in the Hardeman County Criminal Court of Nashville, Tennessee, on May 22, 2007, in case number 06-01-0274 to eight years imprisonment for theft of property and eight years imprisonment for identity theft. (Doc. No. 10, Att. 4, pp. 1-2). The two sentences were ordered to run concurrent to each other but the order was silent regarding its position to the impending federal sentence. (*Id*.). However, Petitioner was awarded pre-trial credits for May 30, 2006, a previous court date on May 4, 2007 and from May 15, 2007, to May 22, 2007. (*Id*. at p.2).

On August 16, 2007, Petitioner was temporarily released by the Tennessee State Department of Correction to the U.S. Marshals Service under a federal writ. (Doc. No. 10, Att. 2, p. 1). He was sentenced on November 16, 2007, for a federal wire fraud charge in the Western District of Tennessee to 41 months imprisonment. (Doc. No. 10, Att. 5, p. 3). The Judgment and Commitment Order was silent regarding the Tennessee state sentence. (*Id.*).

On September 16, 2008, Petitioner was released by the Tennessee State Department of Correction to community corrections jurisdiction after 300 days service of sentence and released to the U.S. Marshal for service of the federal sentence. (Doc. No. 10, Att. 6, p. 1). His federal sentence was amended on October 27, 2009, reduced from 41 months to 33 months, to run concurrently with Petitioner's previously imposed Tennessee state sentence. (Doc. No. 10, Att. 7, p. 3). Petitioner received credit from the day of his initial arrest by federal authorities on March 22, 2007, through the date he was released on bond, March 23, 2007. (Doc. No. 10, Att. 8, p. 1).

Mr. Anders filed this habeas petition on December 7, 2009, in which he sets forth three grounds for relief:

(1) The Bureau of Prisons (BOP) "failed to properly calculate [his] sentence allowing [him] to be held at least two months more than [he] should be;

(2) The "prison officials at Forrest City Low [have] not checked with the courts to determine the type of sentence [he] is serving"; and

(3) Petitioner should be in a medical facility and Forrest City Low is "not equipped to take care of [his] needs properly."

(Doc. No. 2, pp. 4-5). In its response on February 18, 2010, Respondent argues that Petitioner failed to exhaust his administrative remedies and Petitioner's sentence was properly computed. (Doc. No. 10). Petitioner has not filed a response contending he has actually exhausted his administrative remedies.

## II.     ANALYSIS

Mr. Anders has failed to exhaust his administrative remedies concerning whether the BOP has properly computed the length of his sentence and whether he is serving the proper sentence. *See United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (holding that before filing an action in district court, an inmate must first exhaust his administrative remedies by presenting his claim for relief to the BOP). "An inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy, [via a BP-9]." 28 C.F.R. § 542.13(a).  If the inmate is not satisfied with the informal resolution, he may:

> submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.  An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response.  When the inmate demonstrates a valid reason for delay, these time limits may be extended . . . Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).  An inmate's failure to exhaust his administrative remedies before filing a § 2241 petition will result in dismissal of the § 2241 petition without prejudice. *Chappel*, 208 F.3d at 1069.

The United States Court of Appeals for the Eighth Circuit has identified four objectives that are promoted by the exhaustion requirement: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976).  "The benefits from prior administrative review are substantial" and "[t]he procedure must be give an opportunity to succeed." *Id*.

In this case, Petitioner has failed to prove he even attempted to exhaust his administrative remedies. The record before this Court supports this finding and contains no evidence to the contrary. Therefore, Petitioner must first challenge the computation of his sentence via the BOP's administrative grievance process. Until Petitioner does so, this Court must dismiss his petition without prejudice.

Petitioner's final argument that he is not receiving adequate medical care in Forrest City Low because they are not equipped to handle his physical and mental problems is not cognizable in a 28 U.S.C. § 2241 petition. *See Farmer v. Brennan*, 511 U.S. 825 (1994) (the medical treatment a prisoner receives while confined is subject to scrutiny under the Eighth Amendment). Eighth Amendment claims are properly brought under the Federal Tort Claims Act or a *Bivens* claim. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 402 US 388 (1971).

### III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1) Mr. Anders' petition (Doc. No. 2) be DISMISSED without prejudice so that he may exhaust his administrative remedies.

IT IS SO ORDERED this <u>8th</u> day of March, 2010.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE